**SCARPONE & VARGO LLC**
James A. Scarpone, Esq. (JS-5403)
Bruce D. Vargo, Esq. (BV-7645)
50 Park Place, Suite 1003
Newark, New Jersey 07102
(973) 623-4101
Fax:  973-623-4181

**LITCHFIELD CAVO LLP**
William C. Mead, Esq.
Commerce Center
1800 Chapel Avenue West, Suite 360
Cherry Hill, NJ   08002
(856) 382-3636
Fax:  856-751-1230

*Attorneys for Defendant/Third-Party Plaintiff Mark Worthington*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>BIRDSALL SERVICES GROUP, INC., *et al.*,<br><br>Debtors. | Case No.:   13-16743 (MKB)<br>(Jointly Administered Case No. 13-16746)<br><br>Chapter 7<br>Hon. Michael B. Kaplan, U.S.B.J. |
| EDWIN H. STIER, Chapter 7 Trustee for Birdsall Services Group, INC., *et al.*, and PARTNER ASSESSMENT CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>T&M ASSOCIATES and MARK WORTHINGON,<br><br>Defendants.<br><br>**Caption continued on next page** | Adv. Pro. No.:  13-01772 (MBK)<br><br>**NOTICE OF MOTION OF MARK WORTHINGTON TO WITHDRAW THE REFERENCE TO THE BANKRUPTCY COURT OF ADVERSARY PROCEEDING NO. 13-1772-MBK AND FOR A STAY OF ALL PENDING MATTERS THEREIN** |

MARK WORTHINGTON,

                   Third-Party Plaintiff,

v.

PHILIP ANGARONE, HOWARD
BIRDSALL, WILLIAM BIRDSALL,
ROBERT GERARD, ALAN HILLA, JAMES
JOHNSTON, SCOTT R. MACFADDEN,
EILEEN KUHFAHL-SPEARS, THOMAS
ROSPOS, and JOHN DOE 1-10,

                   Third-Party Defendants.

TO:    Donald W. Clarke, Esq.
       Wasserman, Jurista & Stolz, P.C.
       225 Millburn Avenue, Suite 207
       Millburn, NJ   07041
       *Attorneys for Edwin H. Stier, Chapter 7 Trustee*

       Kenneth Moskowitz, Esq.
       Brown Moskowitz & Kallen P.C.
       180 River Road
       Summit, NJ   07901
       *Attorneys for Plaintiff Partner Assessment Corporation*

       Joseph L. Schwartz, Esq.
       Kevin J. Larner, Esq.
       Riker, Danzig, Scherer, Hyland & Perretti LLP
       Headquarters Plaza
       One Speedwell Avenue
       Morristown, NJ   07962-1981
       *Attorneys for Defendant T&M Associates*

       Paul R. DeFilippo, Esq.
       John D. Giampolo, Esq.
       WOLLMUTH MAHER & DEUTSCH LLP
       One Gateway Center, Ninth Floor
       Newark, NJ   07102
       *Attorneys for Defendants/Third-Party Defendants, Howard Birdsall,*
       *William Birdsall, Alan Hilla and Scott R. McFadden*

Vincent F. Papalia, Esq.
Eric D. Reiser, Esq.
SAIBER LLC
18 Columbia Turnpike, Suite 200
Florham Park, NJ   07932-2226
*Attorneys for Defendants/Third-Party Defendants Robert Gerard and James Johnston*

Robert S. Bonney, Esq.
Christina Vassiliou Harvey, Esq.
LOMURRO, DAVISON, EASTMAN & MUNOZ, P.A.
100 Willow Brook Road, Suite 100
Freehold, NJ   07728
*Attorneys for Defendant/Third-Party Defendant Eileen Kuhfahl-Spears*

Mr. Philip Angarone
P.O. Box 3399
Hamilton, NJ   08619
*Defendant/Third-Party Defendant*

Mr. Thomas K. Rospos
6 Inlet Terrace
Belmar, NJ   07719
*Defendant/Third-Party Defendant*

**PLEASE TAKE NOTICE** that Defendant/Third-Party Plaintiff MARK

WORTHINGTON, by and through his counsel, Scarpone & Vargo LLC and Litchfield

Cavo LLP, respectfully moves the United States District Court for the District of New

Jersey (the "District Court"), for entry of an order withdrawing the reference of the United

States District Court for the District of New Jersey to the United States Bankruptcy Court

for the District of New Jersey with respect to the above-captioned adversary proceeding,

pursuant to 28 U.S.C. § 157(d), Fed. R. Bankr. P. 5011 and D.N.J. LBR 5011-1.

**PLEASE TAKE FURTHER NOTICE** that the Motion is being filed pursuant to

D.N.J. LBR 5011-1, which provides that "[a] motion for withdrawal of the reference . . .

3

shall be filed in the bankruptcy court," but that "[a]ll such motions are then to be immediately transmitted to the district court."

**PLEASE TAKE FURTHER NOTICE** that the District Court will conduct a hearing on this Motion on a date and at such time and place as determined by the District Court pursuant to the Local District Court Rules, and that notice of such hearing will be provided.

**PLEASE TAKE FURTHER NOTICE** that in support of his motion, Defendant/Third-Party Plaintiff shall rely upon the Memorandum of Law that accompanies this Notice of Motion.  Two proposed forms of order are also submitted herewith.  One order relates to the request to stay all proceedings herein until the reference withdrawal motion is decided by the District Court.  The second relates to the reference withdrawal aspect of the motion.

**PLEASE TAKE FURTHER NOTICE** that Defendant/Third-Party Plaintiff **requests oral argument.**


DATED:  February 18, 2014          */s/ James A. Scarpone*
                                    JAMES A. SCARPONE, ESQ.
                                    **SCARPONE & VARGO LLC**
                                    50 Park Place, Suite 1003
                                    Newark, NJ   07102

                                    William C. Mead, Esq.
                                    **LITCHFIELD CAVO LLP**
                                    1800 Chapel Hill Avenue West, Suite 360
                                    Cherry Hill, NJ   08002

**SCARPONE & VARGO LLC**
James A. Scarpone, Esq. (JS-5403)
Bruce D. Vargo, Esq. (BV-7645)
50 Park Place, Suite 1003
Newark, New Jersey 07102
(973) 623-4101
Fax:  973-623-4181

**LITCHFIELD CAVO LLP**
William C. Mead, Esq.
Commerce Center
1800 Chapel Avenue West, Suite 360
Cherry Hill, NJ   08002
(856) 382-3636
Fax:  856-751-1230

*Attorneys for Defendant/Third-Party Plaintiff Mark Worthington*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>BIRDSALL SERVICES GROUP, INC., *et al.*,<br><br>     Debtors. | Case No.:   13-16743 (MKB)<br>(Jointly Administered Case No. 13-16746)<br><br>Chapter 7<br><br>Hon. Michael B. Kaplan, U.S.B.J. |
| EDWIN H. STIER, Chapter 7 Trustee for Birdsall Services Group, INC., *et al.*, and PARTNER ASSESSMENT CORPORATION,<br><br>     Plaintiffs,<br><br>v.<br><br>T&M ASSOCIATES and MARK WORTHINGON,<br><br>     Defendants. | Adv. Pro. No.:  13-01772 (MBK)<br><br>**MOTION OF MARK WORTHINGTON TO WITHDRAW THE REFERENCE TO THE BANKRUPTCY COURT OF ADVERSARY PROCEEDING NO. 13-1772-MBK AND FOR A STAY OF ALL PENDING MATTERS THEREIN** |
| **Caption continued on next page** | |

MARK WORTHINGTON,

     Third-Party Plaintiff,

v.

PHILIP ANGARONE, HOWARD
BIRDSALL, WILLIAM BIRDSALL,
ROBERT GERARD, ALAN HILLA, JAMES
JOHNSTON, SCOTT R. MACFADDEN,
EILEEN KUHFAHL-SPEARS, THOMAS
ROSPOS, and JOHN DOE 1-10,

     Third-Party Defendants.

Defendant/Third-Party Plaintiff Mark Worthington ("Worthington"). by and through his undersigned counsel, hereby submits this Motion pursuant to Fed. R. Bankr. P. 5011(a) and D.N.J. LBR 5011-1 for an Order pursuant to 28 U.S.C. 157(d) withdrawing the automatic reference of Adversary Proceeding No. 13-1772-MBK (the "Adversary Proceeding"), and for an Order from the Bankruptcy Court pursuant to Fed. R. Bankr. P. 5011(c) staying the Adversary Proceeding while and until the District Court rules on the motion to withdraw the reference.  In support of this Motion, Worthington respectfully submits the following:

## PRELIMINARY STATEMENT

This Adversary Proceeding, presently in the early stages of litigation, involves only state law claims.[1]  It is not a core proceeding.  Withdrawal of the automatic reference of this Adversary Proceeding to the bankruptcy court is appropriate.

---

[1] The Plaintiffs include Edwin H. Stier ("Trustee") as trustee for Birdsall Services Group, Inc., et al. (the "Debtors") and Partner Assessment Corporation ("Partner").  The Debtors originally filed

Initially, the plaintiffs' claims against Worthington and his new employer, T&M Associates, were based on breach of fiduciary duties theories.  Recently, the plaintiffs have moved for leave to amend their complaint to add claims under New Jersey's Trade Secrets Act, *N.J.S.A.* 56:15-1, *et seq.* and New Jersey's Computer Related Offenses Act, *N.J.S.A.* 2A:38A-1, *et seq.*

In addition to being an employee, Worthington was a shareholder of Birdsall.  He acquired shares of Birdsall stock when his former employer was acquired by Birdsall and he acquired additional shares pursuant to a Plan by which Birdsall offered the shares to certain valued professional employees.  In a third-party complaint Worthington has sued the former officers and directors of Birdsall based on the fraud which caused the destruction of Birdsall and led to their indictments.  Their failure to disclose and their active concealment of their unlawful business practices which preceded Worthington's acquisition of Birdsall stock caused Worthington to invest a major portion of his life savings in Birdsall, the company he was working for.

Worthington's counter-claims against the Trustee are grounded in common law fraud and in violations of New Jersey's Uniform Securities Law, *N.J.S.A.* 49:3-47 *et seq.*  His claims against the third-party defendants, the officers and directors of Birdsall, involve the same two claims – common law fraud and violations of *N.J.S.A.* 49:3-47 *et seq.*

All of the issues in this Adversary Proceeding involve private rights under complex state laws.  As clarified by the Supreme Court in *Stern v. Marshall*, 131 S.Ct. 2594 (2011), only an Article III court can constitutionally adjudicate these claims; the Bankruptcy Court cannot

---

a chapter 11 bankruptcy petition.  It was converted to chapter 7 on August 27, 2013 [Doc. No. 344 under Case No. 13-16743].  Edwin H. Stier has served as Trustee in both chapter 11 and chapter 7.

enter a final judgment in this Adversary Proceeding.  Furthermore, the factors identified by the Third Circuit for consideration on this question all heavily tilt in favor of withdrawing the automatic reference so that the matter can proceed efficiently and effectively in the District Court.

## STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

The Plaintiffs commenced this Adversary Proceeding on July 29, 2013 by filing a Verified Complaint [Doc. No. 1].  With the Complaint, the Plaintiffs sought an Order to Show Cause granting Plaintiffs an expansive temporary restraining order and preliminary injunction.  On July 30, 2013, the Bankruptcy Court entered the Order to Show Cause on an *ex parte* basis, granting the Plaintiffs their requested temporary restraints and scheduling an emergent hearing on twenty-four (24) hours' notice to the defendants. [Doc. No. 3]  During the July 31, 2013 hearing, it became apparent that, among other things, the Plaintiffs could not demonstrate irreparable harm.  For this reason the Court revoked nearly all of the injunctive relief granted just the day before.

Following the hearing, the parties disagreed on the form of the Order to be entered.  On an August 7, 2013 conference call the Bankruptcy Court confirmed it intended to issue a limited preliminary injunction to enjoin the defendants from using any "proprietary information" placed by Worthington on the so-called "Thumb Drive".  Immediately counsel for Worthington raised the issue of what information the Plaintiffs considered to be "proprietary" and requested the Court direct the Plaintiffs to identify all the information on the Thumb Drive they considered "proprietary".  The Plaintiffs agreed to do so within the

4

next few days, indicating that the drive was already under analysis by the Plaintiffs' computer expert.  To date, plaintiffs have still not provided this essential information and we anticipate further motion practice on this issue.

The limited preliminary injunction was memorialized in an August 13, 2103 Order. [Doc. No. 11]  Worthington filed his Answer, Counterclaim and Third-Party Complaint on September 12, 2013.  [Doc. No. 16]  T&M has not yet filed an Answer to the Complaint. Instead, it filed a motion to dismiss that is presently pending before the Bankruptcy Court.[2] [Doc. No. 45]  Within the Plaintiffs' opposition to that motion they take the untenable position that every electronic file and every document on the Thumb Drive (presumably excluding the mountain of family videos, family pictures and music) is supposedly proprietary.  Plaintiffs further asserted that even documents that were not kept confidential by Birdsall or documents that are publicly available are nonetheless proprietary.[3]

Both Plaintiffs have cross-moved for leave to amend their Complaint.  [Doc. No. 56] Both of those motions are now returnable February 24, 2014.

Of the eight third-party defendants, four have filed Answers to Worthington's claims. Other third-party defendants are due to file their Answers on or before February 19, 2014.

Discovery is in its early stages.  Document productions are underway, being produced on a "rolling" basis, and responses to interrogatories are being served.  One deposition of a

---

[2]     For approximately two months this matter was stayed while the parties attempted to resolve their issues through informal mediation before the Bankruptcy Court.  When that mediation failed, the court lifted the stay and set January 3, 2014 as the date by which T&M would need to answer or otherwise move.

[3]     The Plaintiffs doubled down on their unsupportable position with their response to interrogatories wherein they stated, "all the electronic information converted by Worthington, Burns and/or other members of [Birdsall] is protectable, proprietary, trade secret information."

T&M employee, Ken Burns, has occurred.  Worthington was examined prior to the commencement of the Adversary Proceeding pursuant to Bankruptcy Rule 2004.

## RELIEF REQUESTED

Pursuant to 28 U.S.C. § 157(d):

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

Worthington moves for an Order withdrawing the reference as it pertains to this Adversary Proceeding.

## LEGAL BASIS FOR RELIEF

"Although Section 157(d) does not specify what constitutes 'cause,' courts in the Third Circuit and elsewhere have articulated a number of factors for district courts to consider: whether the proceeding is core or non-core, judicial efficiency, uniformity and economy, and discouraging forum shopping." *Innovasystems, Inc. v. Proveris Sci. Corp.*, 2013 U.S. Dist. LEXIS 144578, 2013 WL 5539288, at *8 (D.N.J. Oct. 7, 2013), citing *In re G-I Holdings Inc.*, 295 B.R. 211, 216 (D.N.J. 2003).  Thus, "[f]irst, as a threshold matter, the Court will determine whether the proceedings are 'core' or 'non-core' under 28 U.S.C. §157(b)-(c)." *Calascibetta v. Penson Fin. Servs. (In re U.S. Mortg. Corp.)*, 2012 U.S. Dist. LEXIS 55191; 2012 WL 1372284, at *4 (D.N.J. Apr. 19, 2012) citing *Doctors Assoc., Inc. v. Desai*, No. 10-575, 2010 U.S. Dist. LEXIS 86454, 2010 WL 3326726, at *3 (D.N.J. Aug. 23, 2010); see also *In re*

*Pelullo,* No. 95-22530, 1997 U.S. Dist. LEXIS 12324, at *4 (E.D.Pa. 1997).12324, at *4 (E.D.Pa. 1997).

### A.   The Matter Involves Non-Core Claims

The question for the Court is "whether each claim is or is not core to the bankruptcy proceedings." *Doctors Assoc., supra,* 2010 U.S. Dist. LEXIS 86454 *14 (D.N.J. Aug. 23, 2010), citing *Katz v. Karagjozi (In re Kara Homes, Inc.),* 2009 U.S. Dist. LEXIS 63215, at *3 (D.N.J. 2009).  In the Third Circuit, "a proceeding is core under *section 157* if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Corestates Bank, N.A. v. Huls Am., Inc.,* 176 F.3d 187, 196 (3d Cir. 1999) (quoting *Torkelsen v. Maggio (In re Guild & Gallery Plus, Inc.),* 72 F.3d 1171, 1178 (3d Cir. 1996) (citations omitted)).   Breaches of fiduciary duties, misappropriation of trade secrets and proprietary information and violations of the New Jersey Computer-Related Offenses Act do not implicate any "substantive right provided by Title 11" nor do the securities fraud claims raised by the Third-Party Complaint.  It is equally obvious that none of these claims is of a type that "could arise only in the context of a bankruptcy case."  They are, therefore, non-core claims.   "Non- core proceedings are all remaining proceedings that fall within the bankruptcy court's 'related to' jurisdiction 'but are not so closely related to the bankruptcy case as to be deemed core proceedings.'" *Doctors Assoc., supra,* 2010 U.S. Dist. LEXIS 86454 *3 (D.N.J. Aug. 23, 2010), citing *Halper v. Halper,* 164 F.3d 830, 837 (3d. Cir. 1999).

While some courts within this Circuit require a bankruptcy court to make the threshold core – non-core determination, "[n]othing in the statute…precludes the district

court, from which the entirety of the Bankruptcy Court's docket originates, from making the determination itself if the matter was not first presented to the bankruptcy judge." *Innovasystems, supra*, 2013 U.S. Dist. LEXIS 144578, at *10 (D.N.J. Oct. 7, 2013) (internal citations omitted).  For to mandate such a two-step approach would be a "clear waste of judicial resources" in the face of "ample and growing support within the Circuit for the contention that a district court can be the first to decide the question." *Id.* at *10-12 (citing *Calascibetta, supra,* 2012 U.S. Dist. LEXIS 55191, at *4 (D.N.J. Apr. 19, 2012)

Here all the claims are state law claims that do not depend upon the bankruptcy laws for their existence.  Furthermore, the claims asserted by Partners against the defendants and Worthington's third-party claims are claims by non-debtors against non-debtors.  They are undeniably "non-core" claims.

## B.  The Bankruptcy Court Lacks Subject Matter Jurisdiction

The Supreme Court concluded in *Stern v. Marshall,* 131 S.Ct. 2594 (2011) that a bankruptcy court, as a non-Article III court, lacks the subject matter jurisdiction and thus the constitutional authority to enter final judgment even in certain proceedings that are otherwise listed as "core" under 28 U.S.C. § 157(b)(2).  As for non-core claims, under *Stern*, "a state law action independent of the federal bankruptcy law and not necessarily resolvable by a ruling on the creditor's proof of claim in bankruptcy" is outside the bounds of the jurisdiction of the bankruptcy courts.  *Id.* at 2611.

To date the Third Circuit has not yet interpreted the full scope and impact of *Stern* on the constitutional limitations of the bankruptcy court but district courts and bankruptcy courts within the Circuit and other courts have offered "competing interpretations of the

decision's import." *Calascibetta, supra*, 2012 U.S. Dist. LEXIS 55191, at *9-10 (D.N.J. Apr. 19, 2012) citing, e.g., *Kurz v. EMAK Worldwide, Inc.*, 464 B.R. 635, 645 n. 6 (D.Del. 2011)(finding *Stern* to be limited to removal of state-law counterclaims that are not resolved in the process of ruling on a creditor's proof of claim); *ARDI Ltd. P'ship v. Buncher Co.*, 467 B.R. 808, 2012 Bankr. LEXIS 1375, at *21 (Bankr. W.D.Pa. Mar. 30, 2012); and *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld, LLP*, 462 B.R. 457, 2011 WL 5244463, at *7 (S.D.N.Y. 2011)(interpreting *Stern* to hold that a bankruptcy court's jurisdiction turns on whether the rights being adjudicated are public rights and whether they will necessarily be resolved in ruling on a creditor's proof of claim). As the court in *Calascibetta* stated, however, "the confusion generated by [*Stern's*] holding weighs in favor of withdrawal." *Id.*, at *10 citing *Michaelson v. Golden Gate Private Equity, Inc.*, No. 11-807, 2011 U.S. Dist. LEXIS 144315, 2011 WL 6293251, at *9. Withdrawal will "avoid any potential future collateral attacks on a judgment issued by the bankruptcy court." *Id.*

## C.   The Remaining Factors All Militate Toward Withdrawal

If necessary to look beyond the threshold issue, "the Court will consider the goals relevant to the prudence of withdrawal, including promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process. *Calascibetta, supra*, 2012 U.S. Dist. LEXIS 55191, at *4 (D.N.J. Apr. 19, 2012) citing *In re Pruitt, supra*, 910 F.2d at 1168. "Finally, a Court will consider whether the parties have requested, and would be entitled to, a jury trial." *Id.*, *5 citing *In re Big V Holding Corp.*, No. 01-233, 2002 U.S. Dist. LEXIS 12609, 2002 WL 1482392, at *5-6 (D.Del., July 11, 2002).

Worthington has requested a jury trial for the state law tort claims brought against him by the Plaintiffs as well as for his own third-party fraud claims.  Some of the third-party defendants have also demanded a trial by jury.  T&M may still demand a jury trial if it is compelled to file an answer.  Thus, "withdrawal is necessary to preserve [Worthington's and the others'] right to a jury trial, as bankruptcy courts are prohibited from holding jury trials in non-core matters." *Innovasystems, supra*, 2013 U.S. Dist. LEXIS 144578, at *13 (D.N.J. Oct. 7, 2013) citing *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.),* 4 F.3d 1095, 1101 (2d Cir. 1993); *Beard v. Braunstein,* 914 F.2d 434, 443, n.14 (3d Cir. 1990).

Delaying the withdrawal until the trial becomes necessary, while possible, see *Kirschner v. Agoglia,* 476 B.R. 75, 83 (S.D.N.Y. 2012), would serve only to waste judicial resources. Moreover, the complexity of the state law claims in this matter and the discovery issues that have arisen, and that will continue to arise, makes withdrawal now even more appropriate.

 "[J]udicial resources will be most efficiently allocated by withdrawal, given the expertise and presence of magistrate judges in district court proceedings.  Magistrate judges are well experienced in the discovery issues that arise in non-core proceedings, and litigants and the Court are well served by their involvement." *Innovasystems, supra*, 2013 U.S. Dist. LEXIS 144578, at *13-14 (D.N.J. Oct. 7, 2013).

At the heart of the Plaintiffs' state law claims lies the question of whether any of the Birdsall information at issue is proprietary and confidential (and, if permitted to file their amended complaint, whether any of that information rises to the level of trade secrets). Issues have already arisen and more must be expected as to the specificity of Plaintiffs'

claims and the proper scope of discovery on those claims.  These are issues particularly well suited to resolution by a Magistrate Judge.  Withdrawal to the district court is appropriate.

## CONCLUSION

For all the foregoing reasons, the reference of this Adversary Proceeding to the bankruptcy court should be withdrawn.  Furthermore, pursuant to *Fed. R. Bankr. P.* 5011(c), the Adversary Proceeding should be stayed pending the outcome of Worthington's motion to withdraw the reference.


DATED:  February 18, 2014          */s/ James A. Scarpone*
                                   JAMES A. SCARPONE, ESQ.
                                   **SCARPONE & VARGO LLC**
                                   50 Park Place, Suite 1003
                                   Newark, NJ   07102

                                   William C. Mead, Esq.
                                   **LITCHFIELD CAVO LLP**
                                   1800 Chapel Hill Avenue West, Suite 360
                                   Cherry Hill, NJ   08002

**SCARPONE & VARGO LLC**
James A. Scarpone, Esq. (JS-5403)
Bruce D. Vargo, Esq. (BV-7465)
50 Park Place, Suite 1003
Newark, New Jersey 07102
(973) 623-4101
Fax: 973-623-4181

**LITCHFIELD CAVO LLP**
William C. Mead, Esq.
Commerce Center
1800 Chapel Avenue West, Suite 360
Cherry Hill, NJ  08002
(856) 382-3636
Fax: 856-751-1230

*Attorneys for Defendant/Third-Party Plaintiff Mark Worthington*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re: | Case No.:  13-16743 (MKB) |
| | (Jointly Administered Case No. 13-16746) |
| BIRDSALL SERVICES GROUP, INC., *et al.*, | |
| | Chapter 7 |
| Debtors. | |
| | Hon. Michael B. Kaplan, U.S.B.J. |
| EDWIN H. STIER, Chapter 7 Trustee for Birdsall Services Group, INC., *et al.*, and PARTNER ASSESSMENT CORPORATION, | |
| | Adv. Pro. No.:  13-01772 (MBK) |
| Plaintiffs, | |
| v. | |
| T&M ASSOCIATES and MARK WORTHINGON, | |
| Defendants. | |
| **Caption continued on next page** | |

MARK WORTHINGTON,

               Third-Party Plaintiff,

v.

PHILIP ANGARONE, HOWARD
BIRDSALL, WILLIAM BIRDSALL,
ROBERT GERARD, ALAN HILLA, JAMES
JOHNSTON, SCOTT R. MACFADDEN,
EILEEN KUHFAHL-SPEARS, THOMAS
ROSPOS, and JOHN DOE 1-10,

               Third-Party Defendants.

**ORDER STAYING ALL PROCEEDINGS IN THIS ADVERSARY PROCEEDING
UNTIL THE MOTION OF DEFENDANT/THIRD PARTY PLAINTIFF, MARK
WORTHINGTON TO WITHDRAW THE REFERENCE OF THE UNITED
STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY TO THE
BANKRUPTCY COURT IS DECIDED**

THIS MATTER having been opened to the court upon the Motion of
Defendant/Third Party Plaintiff, Mark Worthington, seeking entry of an order withdrawing
the reference of the captioned adversary proceeding (the "Adversary Proceeding") of the
United States District Court for the District of New Jersey to the United States Bankruptcy
Court for the District of New Jersey (the "Withdrawal Motion"), which is to be decided by
the United States District Court for the District of New Jersey, and for a stay of all
proceedings herein until such time as the District Court hears and decides the Withdrawal
Motion; and the Court having considered the moving papers and any and all opposition filed
thereto; and good and proper notice of the motion having been provided; and for good
cause shown,

**IT IS ORDERED** on this _ day of _____, 2014 that this Adversary Proceeding is hereby STAYED pursuant to Fed. R. Bankr. P. 5011(c) until such time as the United States District Court for the District of New Jersey hears and decides upon the Withdrawal Motion.

.


_____
                    Hon. Michael B. Kaplan, U.S.B.J.

3

**SCARPONE & VARGO LLC**
James A. Scarpone, Esq. (JS-5403)
Bruce D. Vargo, Esq. (BV-7645)
50 Park Place, Suite 1003
Newark, New Jersey 07102
(973) 623-4101
Fax: 973-623-4181

**LITCHFIELD CAVO LLP**
William C. Mead, Esq. (WM-
Commerce Center
1800 Chapel Avenue West, Suite 360
Cherry Hill, NJ  08002
(856) 382-3636
Fax: 856-751-1230

*Attorneys for Defendant/Third-Party Plaintiff Mark Worthington*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>BIRDSALL SERVICES GROUP, INC., *et al.*,<br><br>       Debtors. | Case No.:  13-16743 (MKB)<br>(Jointly Administered Case No. 13-16746)<br><br>Chapter 7<br><br>Hon. Michael B. Kaplan, U.S.B.J. |
| EDWIN H. STIER, Chapter 7 Trustee for Birdsall Services Group, INC., *et al.*, and PARTNER ASSESSMENT CORPORATION,<br><br>       Plaintiffs,<br><br>v.<br><br>T&M ASSOCIATES and MARK WORTHINGON,<br><br>       Defendants. | Adv. Pro. No.:  13-01772 (MBK) |
| **Caption continued on next page** | |

MARK WORTHINGTON,

                Third-Party Plaintiff,

v.

PHILIP ANGARONE, HOWARD
BIRDSALL, WILLIAM BIRDSALL,
ROBERT GERARD, ALAN HILLA, JAMES
JOHNSTON, SCOTT R. MACFADDEN,
EILEEN KUHFAHL-SPEARS, THOMAS
ROSPOS, and JOHN DOE 1-10,

                Third-Party Defendants.

## ORDER GRANTING MOTION OF DEFENDANT/THIRD PARTY PLAINTIFF, MARK WORTHINGTON TO WITHDRAW THE REFERENCE OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY TO THE BANKRUPTCY COURT

THIS MATTER having been opened to the court upon the Motion of Defendant/Third Party Plaintiff, Mark Worthington, seeking entry of an order withdrawing the reference of the captioned adversary proceeding (the "Adversary Proceeding") of the United States District Court for the District of New Jersey to the United States Bankruptcy Court for the District of New Jersey (the "Motion"); and the Court having considered the Motion and any and all opposition filed thereto; and the Court having jurisdiction to hear the Motion pursuant to 28 U.S.C. § 157(d), Fed. R. Bankr. P. 5011 and D.N.J. LBR 5011-1; and good and proper notice of the Motion having been provided; and for good cause shown,

**IT IS ORDERED** on this _ day of _____, 2014 that the Motion is GRANTED; and

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 157(d), the reference with respect to the Adversary Proceeding to the United States Bankruptcy Court for the District of New Jersey be and is hereby WITHDRAWN.

_____, U.S.D.J.

**SCARPONE & VARGO LLC**
James A. Scarpone, Esq. (JS-5403)
Bruce D. Vargo, Esq. (BV-7465)
50 Park Place, Suite 1003
Newark, New Jersey 07102
(973) 623-4101
Fax:  973-623-4181

**LITCHFIELD CAVO LLP**
William C. Mead, Esq.
Commerce Center
1800 Chapel Avenue West, Suite 360
Cherry Hill, NJ   08002
(856) 382-3636
Fax:  856-751-1230

*Attorneys for Defendant/Third-Party Plaintiff Mark Worthington*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>BIRDSALL SERVICES GROUP, INC., *et al.*,<br><br>Debtors. | Case No.:  13-16743 (MKB)<br>(Jointly Administered Case No. 13-16746)<br><br>Chapter 7<br><br>Hon. Michael B. Kaplan, U.S.B.J. |
| EDWIN H. STIER, Chapter 7 Trustee for Birdsall Services Group, INC., *et al.*, and PARTNER ASSESSMENT CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>T&M ASSOCIATES and MARK WORTHINGON,<br><br>Defendants.<br><br>**Caption continued on next page** | Adv. Pro. No.:  13-01772 (MBK)<br><br>**CERTIFICATE OF SERVICE** |

MARK WORTHINGTON,

               Third-Party Plaintiff,

v.

PHILIP ANGARONE, HOWARD
BIRDSALL, WILLIAM BIRDSALL,
ROBERT GERARD, ALAN HILLA, JAMES
JOHNSTON, SCOTT R. MACFADDEN,
EILEEN KUHFAHL-SPEARS, THOMAS
ROSPOS, and JOHN DOE 1-10,

               Third-Party Defendants.

I, JAMES A. SCARPONE, hereby certify as follows:

1.      On this date, I caused the following documents to be sent to the parties listed on the chart below by the method/s so listed:  (i) Notice of Motion of Mark Worthington to Withdraw the Reference to the Bankruptcy Court of Adversary Proceeding No. 13-1772-MBK and for a Stay of All Pending Matters Therein; (ii) Brief in support; (iii) proposed form of Order to stay the proceedings of this Adversary Proceeding until the reference of withdrawal aspect of the motion is decided by the District Court; and (iv) a proposed form of Order relating to the reference of withdrawal.

2.      I hereby certify under penalty of perjury that the above documents were sent using the mode of service indicated.

DATED:  February 18, 2014     By:  _____/s/ *James A. Scarpone*_____
                                 JAMES A. SCARPONE

| Name and Address of Party Served | Relationship of Party to Case | Mode of Service |
|---|---|---|
| Donald W. Clarke, Esq.<br>Wasserman, Jurista & Stolz, P.C.<br>225 Millburn Avenue, Suite 207<br>Millburn, NJ   07041 | Counsel to Edwin H. Stier, Chapter 7 Trustee | NEF |
| Kenneth Moskowitz, Esq.<br>Brown, Moskowitz & Kallen P.C.<br>180 River Road<br>Summit, NJ   07901 | Counsel to Partner Assessment Corporation | NEF |
| Joseph L. Schwartz, Esq.<br>Kevin J. Larner, Esq.<br>Riker, Danzig, Scherer, Hyland & Perretti LLP<br>Headquarters Plaza<br>One Speedwell Avenue<br>Morristown, NJ   07962-1981 | Counsel to T&M Associates | NEF |
| Paul R. DeFilippo, Esq.<br>John D. Giampolo, Esq.<br>Wollmuth Maher & Deutsch LLP<br>One Gateway Center, Ninth Floor<br>Newark, NJ   07102 | Counsel to Defendants/Third-Party Defendants Howard Birdsall, William Birdsall, Alan Hilla and Scott R. McFadden | NEF |
| Vincent F. Papalia, Esq.<br>Eric D. Reiser, Esq.<br>Saiber LLC<br>18 Columbus Turnpike, Suite 200<br>Florham Park, NJ   07932-2226 | Counsel to Defendants/Third-Party Defendants Robert Gerard and James Johnston | NEF |
| Robert S. Bonney, Esq.<br>Christina Vassiliou Harvey, Esq.<br>Lomurro, Davison, Eastman & Munoz, P.A.<br>100 Willow Brook Road, Suite 100<br>Freehold, NJ   07728 | Counsel to Defendant/Third-Party Defendant Eileen Kuhfahl-Spears | NEF |
| Mr. Philip Angarone<br>P.O. Box 3399<br>Hamilton, NJ   08619 | Defendant/Third-Party Defendant | First Class Mail |
| Mr. Thomas K. Rospos<br>6 Inlet Terrace<br>Belmar, NJ   07719 | Defendant/Third-Party Defendant | First Class Mail |